**IN THE UNITED STATES DISTRICT COURT**
for
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Khaled Ibrahim,** | § | |
| **Plaintiff** | § | |
| *v.* | § | **Civil Action No.** |
| **UAL Corp, dba, United Airlines,** | § | **4:12-cv-** |
| **Defendant.** | § | |

## COMPLAINT

To the Honorable United States Texas Southern District Judges:

NOW COMES Khaled Ibrahim, Plaintiff, through his counsel before these Honorable Courts, respectfully complaining of Defendant UAL CORP, doing Business as United Airlines, and for causes of action averring as follows:

### PARTIES

1. Plaintiff Khaled Ibrahim is an adult citizen of the United States of America and the State of Texas. Plaintiff resides domiciled in Houston, Harris County, Texas. Plaintiff is Middle Eastern descent.

2. Defendant UAL Corp, dba, United Airlines is a corporation organized under the laws of the State of . Defendant is in the airline business

3. This action arises under formerly 49 United States Code[1] § 3(1),[2] and § 1374 (b),[3] now § 40127(a), Prohibitions on air

---

[1] Hereinafter referenced as "U.S.C."

[2] 49 U.S.C.S. § 3(1) provides: (1) It shall be unlawful for any common carrier subject to the provisions of this chapter to subject any particular person, company, firm,

1

carrier discrimination,[4] and Title VII of the 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2, so that this Court's jurisdiction is based upon 28 U. S. C. § 1343.

4.  Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) in that all of the transactions, which gave rise to this suit took place in Harris County, in the State of Texas and thus in the Southern District of Texas.

**SERVICE OF PROCESS**

5. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff is effective by their delivery to Plaintiff's attorney of record, Donald T. Cheatham, at his office of record, 5100 Westheimer Road, Suite 200, Houston, Texas 77056-5597, Telephone: (713) 588-4355, Fax: (713) 588-4356 and e-mail: cheathamlaw@aol.com

6.   Defendant UAL is a Delaware corporation authorized to do business as United Airlines by the Texas Secretary of State. Service of process of pleadings, instruments, discovery and other documents upon Defendant UAL Corp, dba United Airlines is

---

corporation, association, locality, port, port district, gateway, transit point, region, district, territory, or any particular description of traffic to any undue or unreasonable prejudice or disadvantage in any respect whatsoever. 49 U.S.C.S. § 1301(27). Person means any individual, firm, copartnership, corporation, company, association, joint-stock association, or body politic; and includes any trustee, receiver, assignee, or other similar representative thereof.

[3] 49 U.S.C. § 1374 (b) provides in part: No air carrier or foreign air carrier shall subject any particular person, port, locality or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

[4] (a) Persons in air transportation. An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry.

effective by their delivery to UAL Corp's registered agent, the Prentice Hall Corporation, Inc, 211 east 7th street, suite 620m Austin, Texas 78701.

## NATURE OF ACTION[5]

7. Plaintiff asserts the following four (4) separate causes of action:

(a.) Plaintiff is suing under 49 U.S.C. §§ 3(1) and 49 U.S.C. 1374 (b);

(b.) Plaintiff is also suing under Title 42 U.S.C. § 1983, *et sequitur*, for discrimination on the bases of national origin;

(c.) Plaintiff asserts also in this suit that Defendant further violated his federal civil rights by a false arrest and imprisonment, as well as, assault and battery; and,

(d.) Plaintiff asserts also in this suit that through their acts of commission and omission, that Defendant caused him extreme emotional distress.

8. Plaintiff also seeks in this suit an appropriate award of necessary and reasonable attorneys fees and costs pursuant to Title 42 U.S.C. § 1988.

## CONDITIONS PRECEDENT

9.   All conditions precedent to jurisdiction have occurred or Plaintiff has complied with them:  Plaintiff filed timely charges of discrimination   with   the   United   States   Secretary   of

---

[5] The separate causes of action herein recited are contained in separate counts as hereinafter pled. This portion of this pleading Plaintiff and his counsel intend to be merely a summary of what Plaintiff complains of in this Complaint, to comply with Federal Rule of Civil Procedure 8.

Transportation.

### Count One: Discrimination due to National Origin

10.     Plaintiff realleges and incorporates the allegations of the averments of paragraphs 1 through 9, as well as, those hereinafter pled of this Complaint into Plaintiff's Count One, as though herein originally pled.

11. At all times relevant hereto Defendant was an individual person as statutorily defined and a member of the flying traveling public.

12.     Plaintiff is of Middle Eastern Descent. Plaintiff is Arabic.

13.     Plaintiff bought an airline ticket from Defendant in Houston, Harris County, Texas last year for a round trip from Houston to Lima, Peru.

14.     Plaintiff was such a paying passenger on flight #855 several flight attendants, who were all the Defendant's agents, servants and employees violated his civil rights, assaulted him, battered him, as well as, falsely arrested and falsely imprisoned him on 1 January 2012, when he was returning from Lima, Peru to Houston, Texas.

15.     Several flight attendants, who were all the Defendant's agents, servants and employees ethnically profiled Plaintiff on the referenced flight.

16.     Several flight attendants, who were all the Defendant's agents, servants and employees publicly vilified

Plaintiff by calling him such unsavory epitaphs as "terrorist" in front of the other airline crew members and passengers aboard the airplane in question. They stated that Plaintiff was "dangerous' and "out of control." They accused Plaintiff of carrying a bomb that looked like a camera, when in fact it was a camera. They harassed, intimidated, and threatened to land the plane in Mexico and have me arrested there.

17.   As a direct and proximate result of the Defendant's acts of commission and omission, the Defendant hereto discriminated against Plaintiff on the bases of ethnicity and national origin.

18.   Because Defendant treated Plaintiff disparately and differently than Defendant had treated other persons on the flight in question, Defendant intentionally engaged in unlawful discriminatory practices, because Plaintiff was openly of Middle Eastern descent and Arabic.

19.   Plaintiff states that Defendants' conduct violated Plaintiff's civil rights under 42 U.S.C.A. §§ 1981 and 1985, as well Title 49 of the U.S.C., as aforesaid.

20.   In support of this cause of action, Plaintiff states the following: Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of National Origin with malice or with reckless indifference to Plaintiff's federal civil rights.

21. Defendant, its officials, representatives, agents, servants and/or employees, established and pursued a policy(ies) or

custom(s), which caused Plaintiff to be subjected to a denial rights guaranteed under the United States Constitution.

22.    As a direct and proximate result of Defendant's acts of commission and omission of discrimination against Plaintiff on the bases of his ethnicity and National Origin, Plaintiff suffered damages, for which she herein sues.

## Count Two: Intentional Infliction of Emotional Distress

23.    Plaintiff realleges and incorporates the allegations of the averments of paragraphs 1 through 22, as well as, those hereinafter pled in this Complaint into Plaintiff's Count Two, as though herein originally pled.

24.    The acts of commission and omission on the part of the Defendant's agents, servants and employees have caused Plaintiff to suffer extreme emotional distress, for which he has suffered damages, for which he herein sues.

## Count Three: Assault and Battery

25.    Plaintiff realleges and incorporates the allegations of the averments of paragraphs 1 through 24, as well as, those hereinafter pled in this Complaint into Plaintiff's Count Three, as though herein originally pled.

26.    The Flight personnel on Flight 855 United Airlines on 1 January 2012 assaulted and battered Plaintiff, causing him physical an emotional injuries.

27.   Plaintiff suffered damages as a direct and proximate result of the assault and batter he suffered, as hereinabove described for which he herein sues.

**Count Four: False Arrest**

28.   Plaintiff realleges and incorporates the allegations of the averments of paragraphs 1 through 27, as well as, those hereinafter pled in this Complaint into Plaintiff's Count Four, as though herein originally pled.

29.   On 1 January 2012, Defendant's flight attendants aforesaid falsely arrested Plaintiff.

30.   Plaintiff suffered damages as a direct and proximate result of the false arrest he suffered, as hereinabove described for which he herein sues.

**Count Five: False Imprisonment**

**Count Four: False Arrest**

31.   Plaintiff realleges and incorporates the allegations of the averments of paragraphs 1 through 30, as well as, those hereinafter pled in this Complaint into Plaintiff's Count Four, as though herein originally pled.

32.   On 1 January 2012, Defendant's flight attendants aforesaid falsely imprisoned Plaintiff.

33.   Plaintiff suffered damages as a direct and proximate result of the false imprisonment he suffered, as hereinabove described for which he herein sues.

## RATIFICATION

34.     Plaintiff realleges and incorporates the allegations of the averments of paragraphs 1 through 24, as well as, those hereafter pled of this Complaint into this portion of his Complaint, as though herein originally pled.

35.     Whenever Plaintiff in this Complaint alleges that Defendant did any act or thing, it is meant that all such Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with Defendant's full authorization or ratification, or, it was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

36.     Whenever there was a policy or custom followed, there was never a policy or custom, or Defendant improperly and discriminatorily misapplied or ignored any such policy or custom in place.

37.     Those in a capacity at Defendant to make policy, allowed others under them to make whatever policy and policy decisions they themselves should have made.

38.     Defendant's officers and directors, at all times relevant hereto, approved and ratified all Defendant's supervisors' policy decisions, as adopted as their own policy.

### Prayer for Relief

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully requests that on trial of this action, the court award Plaintiff the following relief:

1.    Judgment against Defendant for actual damages, with interest as provided by law that are allowed by law;

2.    Punitive or exemplary damages, as allowed by law;

3.    Pre-judgment and post-judgment interest on any damages awarded Plaintiff, as allowed by law;

4.    Reasonable attorney's fees and court costs, as allowed by law;

5.    Any other relief to which Plaintiff is entitled, at law or in equity, or which the nature of this cause might require, which this Court deems meet, right, just and proper.

Plaintiff demands a Jury Trial.

Respectfully submitted,

**//S//**

_____
Donald T. Cheatham
Texas Bar No. 24029925
5100 Westheimer Road,
Suite 200
Houston, Texas 77056-5597
Telephone: (713) 588-4355
Fax:  (713) 588-4356
e-mail: cheathamlaw@aol.com